**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEIDRE PADILLA, CATHY REEVES,**

**Plaintiffs,**

**-vs-**  Case No. 6:10-cv-1410-Orl-31DAB

**ORANGE COUNTY DEPT. OF CORRECTIONS, AND SPECIALIZED TREATMENT EDUCATION PREVENTION SERVICES A/K/A STEPS,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** September 22, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:** September 22, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007); *Iqbal*, 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Applied here, the Plaintiffs purport to seek relief under federal civil rights laws, a cause of action within the limited jurisdiction of this Court, but have improperly joined their individual claims in one conclusory combined claim. *See e.g.* Allegation 15: "We the plaintiffs seek damages on multiple counts[1] of: Intentional Sexual Harassment, Hostile work environment, Retaliation, Reckless Disregard, Negligence and Ineffective Anti-Discrimination/Sexual Harassment Policy." This is insufficient. *See Edwards v. Prime, Inc.,* 602 F.3d 1276 (11th Cir. 2010) (an introductory conclusion cannot take the place of factual allegations in stating a plausible claim for relief.)

As it is possible that Plaintiffs can each set forth a plausible cause of action, it is **respectfully recommended** that the motions be **denied, without prejudice** to each Plaintiff filing a *separate* action, with a complaint that meets the pleading standard as to each claim asserted by the individual Plaintiff, and renewal of the motions to proceed *in forma pauperis*, if appropriate.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] Although the complaint alludes to "multiple counts," there are, in fact, no "counts" presented.